UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| JOSE ANGEL RODRIGUEZ, | ) | CASE NO. C09-1003-RAJ |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| A. NEIL CLARK, Field Office Director, U.S. Immigration and Customs Enforcement, | ) ) ) | |
| Respondent. | ) ) | |

I. INRODUCTION AND SUMMARY CONCLUSION

On July 16, 2009, petitioner Jose Angel Rodriguez filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Dkt. No. 7.) He requests that this Court order his release from custody on conditions or reasonable bond, arguing that "such custody violates the due process rights of the Petitioner." *Id*. at 2. Respondent has filed a response, arguing that petitioner's habeas petition should be dismissed because he is lawfully detained under Section 236(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(a), and that the Court lacks jurisdiction to order his release or to review his bond amount.

REPORT AND RECOMMENDATION
PAGE -1

(Dkt. No. 14.)

For the reasons set forth below, the Court recommends that petitioner's habeas petition be DENIED, and that this matter be DISMISSED with prejudice.

## II.  BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Mexico, who entered the United States on or about 1988 without being admitted or paroled by an Immigration Officer.  Administrative Record ("AR") L9, L102, L132.  On December 29, 2006, petitioner was convicted under Section 11360 of the California Health and Safety Code for selling and transporting marijuana.  (AR R42, R29-30, L100, L119.)

On December 29, 2008, petitioner was taken into immigration custody and transferred to the Northwest Detention Center.  (AR R72-73.)  ICE served petitioner with a Notice to Appear, placing him in removal proceedings and charging him as subject to removal under INA § 212(a)(6)(A)(i), for being present in the United States without being admitted or paroled. (AR L9.).  In addition, ICE issued a Notice of Custody Determination, notifying petitioner that he would be detained without bond pending a final determination by the Immigration Judge ("IJ").  (AR L7.)  However, on January 8, 2009, petitioner appeared for a bond hearing before an IJ, who granted petitioner release on bond in the amount $15,000.  (AR L23.)

On January 26, 2009, the IJ found petitioner's conviction rendered him ineligible for cancellation of removal and ordered him removed from the United States to Mexico.  (AR L131-32, L24.)  Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA").  (AR L134.)  On or about March 18, 2009, petitioner requested and received a second bond redetermination hearing before the IJ, who ordered petitioner's bond to remain at

$15,000. (AR L128, L142-43.) Petitioner appealed the IJ's bond determination to the BIA. (AR L62-65.) On May 6, 2009, the BIA dismissed petitioner's appeal of the IJ's removal order and the IJ's bond redetermination. (AR L135-36.)

On June 1, 2009, petitioner filed a petition for review of the BIA's decision with the Ninth Circuit Court of Appeals, along with a request for stay of removal. *See Rodriguez v. Holder*, No. 09-71666 (9th Cir. 2009). Pursuant to Ninth Circuit General Order 6.4(c)(1)(3), a temporary stay of removal was automatically issued. *See id.*

On July 16, 2009, petitioner filed the present petition for writ of habeas corpus, challenging the lawfulness of his continued detention. (Dkt. No. 7.) On October 22, 2009, the Ninth Circuit remanded petitioner's case to the BIA because there was no record of petitioner's conviction in the administrative record, therefore, the Ninth Circuit was unable to determine whether or not petitioner's conviction was a disqualifying offense. *Id.*

On November 3, 2009, respondent filed a response to petitioner's habeas petition, Dkt. No. 14, petitioner did not file a reply. The Ninth Circuit mandate issued on December 14, 2009. *See Rodriguez v. Holder*, No. 09-71666 (9th Cir. 2009). Petitioner's immigration proceedings remain pending in Immigration Court.

### III. DISCUSSION

Section 236 of the INA provides the framework for the arrest, detention, and release of aliens in removal proceedings. *See* 8 U.S.C. § 1236. That provision provides the Attorney General with discretionary authority to release an alien on bond or conditional parole pending the completion of removal proceedings. *See id.* Section 236(a) provides, in part, as follows:

> On a Warrant issued by the Attorney General, an alien may be arrested and

```
            detained pending a decision on whether the alien is to be removed from the
            United States, Except as provided in subsection (c) of this section and pending
            such decision, the Attorney General –
            (1) may continue to detain the arrested alien; and
            (2) may release the alien on –
                    (A) bond of at least $1,500 with security approved by, and containing
                        conditions prescribed by, the Attorney General; or
                    (B) conditional parole . . .
```

8 U.S.C. § 1226(a).

After an alien is arrested and taken into custody, the local ICE office makes an initial custody determination, including the setting of bond. *See* 8 C.F.R. § 1236.1(c)(8), 1236.1(d). After the initial custody determination, the alien may request a bond redetermination by an Immigration Judge. *See* 8 C.F.R. § 1236.1(d). The alien may further appeal the Immigration Judge's bond determination to the BIA. *See* 8 C.F.R. § 1236.1(d)(3). Once an Immigration Judge has made an initial bond redetermination, an alien's request for a subsequent bond redetermination must be made in writing and must show that the alien's circumstances have changed materially since the prior bond redetermination. *See* 8 C.F.R. § 1003.19(e).

In a bond hearing, the burden is on the detainee to show to the satisfaction of the Immigration Judge that he or she warrants release on bond. *See Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006). In making a bond decision, "an Immigration Judge must consider whether an alien who seeks a change in custody status is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *Matter of Guerra*, 24 I&N Dec. at 40 (*citing Matter of Patel*, 15 I&N Dec. 666 (BIA 1976)). An Immigration Judge may also consider any number of discretionary factors, including:

(1) whether the alien has a fixed address in the United States; (2) the alien's

REPORT AND RECOMMENDATION
PAGE -4

length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee persecution or otherwise escape authorities, and (9) the alien's manner of entry to the United States.

*Matter of Guerra*, 24 I&N Dec. at 40.

In the instant case, the administrative record shows that petitioner requested and received a bond redetermination hearing on January 8, 2009, before an IJ, who granted petitioner release on bond in the amount of $15,000. (AR L23.) Petitioner appealed the Immigration Judge's bond decision to the BIA, which denied petitioner's appeal. (AR L135-36.) In addition, petitioner sought and received a second bond redetermination hearing on March 18, 2009, before an IJ, who ordered petitioner's bond to remain at $15,000, finding that petitioner had failed to demonstrate "materially changed circumstances since the prior hearing. 8 C.F.R. § 1003.19(c)." (AR L128, L142-43.) In a written memorandum, the IJ stated:

> The court considered all evidence submitted by the parties in this proceedings. The [petitioner] is a 22-year-old single male, native and citizen of Mexico, who arrived in the United States on or about 1988, without being admitted or paroled by an Immigration Officer. [Petitioner] testified that he has a two-year-old United States citizen son. The child's mother is a United States Citizen. [Petitioner's] parents are not [sic] resident's or citizens of the United States. [Petitioner] works in a warehouse. He lives in Oakland, California with his aunt. [Petitioner] states that he has a brother-in-law and a cousin in the United States. There are no visa petitions filed on his behalf. The [petitioner] offered a motion for bond stating that he [sic] has will apply for adjustment of status and cancellation of removal in the United States and wants to be released on a $5,000 bond.
>
> The [petitioner] has a criminal history in the United States. [Petitioner]

was convicted on December 29, 2006, for Sell/Transport/Marijuana/Hash under the California Penal Code § 11360. He received 24 days of incarceration and 24 months probation. The [petitioner] was convicted of Driving Under the Influence. In addition [petitioner] has a probation violation.

[Petitioner's] criminal [sic] appears to disqualify him for cancellation of removal under INA §240A(b). There are no visa petitions that have been filed and he is ineligible for adjustment of status. [Petitioner] does not fear return to his country.

The [petitioner] is subject to mandatory custody pursuant to INA § 236(c). However, because the [petitioner] was taken into immigration custody after his release from incarceration or criminal custody the Court will consider the bond request. *See Quezada-Bucio v. Ridge*, 317 F. Supp. 2d 1221 (W.D. Wash. 2004). Therefore, the court conducted a bond hearing. The court considered [petitioner's] limited ties to the community, his criminal convictions including probation violations, and the minimal forms of available relief in determining that the bond should be reduced from No Bond to $15,000 on January 8, 2009.

[Petitioner] filed a second request for a bond Redetermination. No additional facts were offered other than [petitioner] requested a bond of $2,000. DHS opposed the bond Redetermination. On March 18, 2009, the court issued a denial of the second bond request for lack of materially changed circumstances. 8 C.F.R. § 1003.19(e).

(AR L142.)

Petitioner argues that because he is unable to afford the $15,000 bond imposed by the Immigration Judge, the amount is unreasonable and violates his constitutional rights. He requests that this Court release him on conditions or a low bond. (Dkt. No. 1 at 6.) The Ninth Circuit, however, has held that a petitioner's challenge to the reasonableness of a bond determination is not subject to judicial review. *See Prieto-Romero*, 534 F.3d 1053 (9th Cir. 2008). In *Prieto-Romero*, the petitioner, like petitioner here, complained that the Immigration Judge had set an excessively high bond amount which prevented his release from detention. The Ninth Circuit found that the Court had no authority to reach the merits of his claim under INA § 236(e), which provides:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

8 U.S.C. § 1226(e). Therefore, as the Ninth Circuit has determined, the Attorney General's decision to set petitioner's bond in the amount of $15,000 is a discretionary judgment that is not reviewable by this Court. *See id.*

Petitioner also claims that because he is financially unable to pay the $15,000 bond amount imposed by the Immigration Judge, his detention is indefinite under *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001). (Dkt. No. 1 at 4-5). *In Zadvydas*, the Supreme Court considered whether the post-removal-period statute, INA § 241(a)(6), authorizes the Attorney General "to detain a removable alien indefinitely beyond the removal period or only for a period reasonably necessary to secure the alien's removal." *Zadvydas*, 533 U.S. at 682. The petitioners in *Zadvydas* could not be removed because no country would accept them. Thus, removal was "no longer practically attainable," and the period of detention at issue was "indefinite" and "potentially permanent." *Id.* at 690-91. The Supreme Court held that INA § 241(a)(6), which permits detention of removable aliens beyond the 90-day removal period, does not permit "indefinite detention." *Id.* at 689-697. The Court concluded that after a presumptively reasonable six-month period of post-removal-period detention, an alien is eligible for conditional release upon demonstrating "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701.

Here, however, petitioner's detention is not indefinite because he "remains capable of being removed – even if it has not yet finally been determined that he should be removed." *See*

*Prieto-Romero*, 534 F.3d at 1065. Once petitioner's legal proceedings have been completed, ICE will remove or release petitioner. Thus, "he is not stuck in a 'removable-but-unremovable limbo,' as the petitioners in *Zadvydas* were." *Id*. at 1063. Accordingly, petitioner's detention is not indefinite, and the Court has no authority to review the Immigration Judge's bond amount.

### III. CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DENIED, and that this matter be DISMISSED with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 14th day of January, 2010.

Mary Alice Theiler
United States Magistrate Judge